# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Jennings B. Anderson, Respondent.

Appellate Case No. 2021-000019

---

Opinion No. 28020
Submitted March 19, 2021 – Filed April 21, 2021

---

## PUBLIC REPRIMAND

---

Disciplinary Counsel John S. Nichols and Assistant
Disciplinary Counsel Julie K. Martino, both of Columbia,
for the Office of Disciplinary Counsel.

Harvey M. Watson, III, Esquire, of Ballard & Watson,
Attorneys at Law, of West Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney discipline matter, Respondent and the Office of
Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules of Lawyer Disciplinary
Enforcement found in Rule 413 of the South Carolina Appellate Court Rules
(SCACR).  In the Agreement, Respondent consents to the imposition of a public
reprimand and agrees to pay the costs incurred by ODC and the Commission on
Lawyer Conduct (Commission) in investigating and prosecuting this matter.  An
investigative panel of the Commission (Panel) unanimously recommends a public
reprimand.  We accept the Agreement and issue a public reprimand.  The facts, as
set forth in the Agreement, are as follows.

**I.**

9

Respondent was retained by Client in October 2018 to represent Client in a family court matter after Client's husband abruptly left the marital home.  Client was a stay-at-home mother with two young children.  She had previously given up her career to provide the stability, consistency, and regularity necessary to care for her son with autism.  Through Respondent's efforts, the family court issued a temporary order awarding Client primary custody of the children, child support, spousal support, the use of the marital home, and other provisions.  Client spoke to Respondent about hiring a private investigator based on her suspicions that her husband was having an affair.  However, Respondent told Client it was unnecessary.  In April 2019, a woman in Texas texted Client and stated she was having an affair with Client's husband.  Respondent thereafter requested husband's bank records and subsequently amended the complaint to allege Client was entitled to a divorce on the ground of adultery.  Husband ultimately admitted he was having an ongoing affair with the woman in Texas.

Sometime in April or May 2019, Respondent and Client began a sexual relationship.  Client was extremely vulnerable during this time due to her emotional and financial uncertainty for both herself and her children, as Husband was not paying the required child or spousal support, and the son with autism was regressing.  Client and Respondent had discussions about the future of their relationship and potential marriage.  Client believed Respondent loved her and would take care of her.  Respondent told Client that he could face sanctions for engaging in a sexual relationship with her.  Respondent failed to advise Client about the significant potential of harm to her in her divorce action because of the relationship.  In addition, Respondent did not advise Client that their relationship was a conflict of interest or that his representation of her could be materially limited by his personal interests.

On August 16, 2019, the family court granted Client a divorce on the ground of adultery.  The signed divorce decree was entered the same day.  Respondent called Client on August 26, 2019, and ended the affair for what he claimed to be "multiple reasons, both professional and personal."  Client was shocked and devastated.  Respondent self-reported the misconduct to ODC on September 5, 2019.

## II.

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR:  Rule 1.7(a)(2) (significant risk that representation of the client is materially limited by lawyer's personal interests); Rule 1.7(b) (failure to obtain written informed consent to proceed with representation despite a concurrent conflict of interest); Rule 1.8(m) (engaging in sexual relations with a vulnerable client when such relations could have a harmful or prejudicial effect upon the client's interests); Rule 8.4(e) (conduct prejudicial to the administration of justice).

Respondent also admits the allegations contained in the Agreement constitute grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (a violation of the Rules of Professional Conduct); Rule 7(a)(5) (conduct tending to pollute the administration of justice); and Rule 7(a)(6) (violation of the Oath of Office contained in Rule 402(h), SCACR).

## III.

We find Respondent's misconduct warrants a public reprimand.  Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty (30) days of the date of this opinion, Respondent shall pay or enter into a reasonable payment plan with the Commission to pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

11